# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD A. HOLCOMB, | CASE NO. 1:06-cv-00741-OWW-WMW P.C. |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO EITHER FILE AN AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS FOUND TO BE COGNIZABLE |
| v. | |
| J. AMAYA, et al., | |
| Defendants. | (Doc. 25) |
| _____/ | RESPONSE DUE WITHIN THIRTY DAYS |

## I.    Screening Requirement

Plaintiff Richard A. Holcomb ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.

1

506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Swierkiewicz, 534 U.S. at 512.  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations."  Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled."  Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.    Plaintiff's Claims

### A.    Summary of Plaintiff's Complaint

Plaintiff was incarcerated at the California State Prison in Corcoran, California ("Corcoran") when the events in his complaint occurred.  Plaintiff's complaint alleges Defendants (1) delayed and denied medical treatment to Plaintiff in violation of the Eighth Amendment of the U.S. Constitution, and (2) retaliated against Plaintiff after he exercised his First Amendment Rights by filing administrative grievances regarding his medical care.  Plaintiff's complaint names 30 individuals as defendants - doctors, medical officers, nurses, correctional officers and wardens.

Plaintiff suffers from chronic back pain from multiple accidents and injuries.  When Plaintiff was transferred to Corcoran, his medical devices to treat his condition were confiscated because his chrono was from a different institution.  To get his medical devices re-issued to him, Plaintiff sought to get a new chrono from a doctor at Corcoran.

Defendant Dr. J. Kim refused to renew Plaintiff's chrono and refused to give Plaintiff an x-ray or MRI.  Eventually, Defendant Kim refused to see Plaintiff at all.  Plaintiff filed inmate appeals regarding these incidents but never received a response.  Defendant Kim was eventually replaced by a new doctor, Defendant Conroy, who was able to refer Plaintiff to a neurologist and order the tests.  However, after the results came back, Defendant Conroy refused to write the chrono Plaintiff needed to get his medical devices.  Plaintiff's medical devices were disposed of per institution policy because this process took too long.

///

1    Plaintiff eventually got a chrono written for all his needed medical devices that was approved
2    by a Chief Medical Officer ("C.M.O.") on 3/27/2006.  However, requests for his medical devices
3    were not fulfilled.  Plaintiff spoke with Defendant J. Amaya about receiving his devices.  Defendant
4    Amaya obtained a Transcutaneous Electrical Nerve Stimulator ("TENS unit") from the physical
5    therapy department but refused to give it to Plaintiff.  Plaintiff filed multiple A.D.A. Reasonable
6    Accommodation Appeals (C.D.C. Form 1824) which were granted.  As a result of the appeals,
7    Plaintiff was given arch supports, and two neoprene knee sleeves.  Defendant Amaya provided
8    Plaintiff with a cane and an "abdominal binder" elastic brace.

9    Plaintiff began to have problems with Defendant Amaya allegedly because Defendant Amaya
10   was angry that Plaintiff "went over his head" by filing inmate appeals.  Defendant Amaya told
11   Plaintiff that he threw his TENS unit away and hid other devices meant to go to Plaintiff so that he
12   could not receive them.  Plaintiff reported Defendant Amaya to the Institutional Classification
13   Committee.  Plaintiff also reported Defendant Amaya to a C.M.O. and the A.D.A. nurse/coordinator
14   (Defendant Guerrero).  Defendant McGuinness and Defendant Amaya were contacted by a C.M.O.
15   about this incident and subsequently refused to give Plaintiff his seizure medications for a week in
16   retaliation for making complaints.

17   On May 6, 2006, Plaintiff filed another appeal for his medical devices that was granted on
18   May 16.  However, Plaintiff still did not receive anything from his appeal.  Plaintiff continued
19   making requests and seeing different doctors as well as Defendant E. Lu.  Plaintiff went on a hunger
20   strike to receive his requested medical devices.  After 11 days, Defendants E. Lu, E. Garnett, M.
21   Reynolds, T. Guerrero, and W.F. Greenbaugh gave Plaintiff his medical devices.  During his hunger
22   strike, Plaintiff was interviewed and monitored by Defendant E. Lu.  Plaintiff learned that Defendant
23   Amaya had lied to Defendant Lu, telling him that Plaintiff had broken his own medical devices,
24   allegedly to prevent Plaintiff from receiving those medical devices.  Defendant Amaya later
25   approached Plaintiff in his holding cell and threatened to fabricate paperwork and forge Plaintiff's
26   signature to cause problems for Plaintiff.

27   ///

28   ///

1    Plaintiff also alleges that at some unspecified time, Defendant Amaya and Defendant K.
2    Carter went into Plaintiff's medical file and removed the original copies of all his chronos and threw
3    them away in order to prevent Plaintiff from receiving his medical devices.

4    By August 1, 2006, Plaintiff had received most of his requested medical devices.  Plaintiff
5    did not receive his requested "right side knee brace" and "nylex mattress".  Further, Plaintiff's
6    "lumbar corset back brace" was modified by Defendant Amaya to take out the metal stints.

7    Plaintiff alleges that the pain medication that has been prescribed to him was not as effective
8    as the pain medication that he requested.  Plaintiff alleges that he was cut off from morphine because
9    Defendant V. Morales and Defendant D. Morales fabricated reports that Plaintiff was hoarding
10   morphine pills in his cell in order to prevent Plaintiff from receiving them.  Plaintiff repeatedly made
11   inmate appeals to seek pain management services and medication but never received them.

12   Plaintiff went on a second hunger strike to resolve the problems with his pain medication.
13   Plaintiff was seen by Defendant Dr. Hasadsri.  Plaintiff requested pain medication from Defendant
14   Hasadsri but was refused because Defendant Hasadsri preferred not to prescribe pain killers.

15   Plaintiff states that the delay in receiving his medical devices has caused his back problems
16   to worsen.  Plaintiff formerly could get around with a cane, but is now confined to a wheelchair and
17   can only walk a few feet with the use of a walker.  Plaintiff states that he has suffered severe pain
18   on a constant and daily basis.

19      **B.    Eighth Amendment Claims**

20          "[D]eliberate indifference to a prisoner's serious illness or injury states a cause of action
21   under § 1983."  Estelle v. Gamble, 429 U.S. 97, 105 (1976). "Prison officials are deliberately
22   indifferent to a prisoner's serious medical needs when they 'deny, delay, or intentionally interfere
23   with medical treatment.'"  Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000) (quoting Estelle, 429
24   U.S. at 104).  "A 'serious' medical need exists if the failure to treat a prisoner's condition could
25   result in further significant injury or the 'unnecessary and wanton infliction of pain.'"  McGuckin v.
26   Smith, 974 F.2d 1050, 1059 (9th Cir. 1992).

27          Plaintiff's complaint states cognizable claims for deliberate indifference to his medical needs
28   against  Defendants  Kim  and  Conroy.   The  complaint  alleges  facts  that  state  both  doctors

4

1  intentionally delayed and denied treatment to Plaintiff by refusing to either diagnose, or write

2  chronos for the Plaintiff resulting in the exacerbation of Plaintiff's injuries.

3      Plaintiff's complaint also states a cognizable claim for deliberate indifference to his medical

4  needs against Defendants J. Amaya, McGuiness, K. Carter, V. Morales, and D. Morales. Defendants

5  Amaya and McGuiness allegedly refused to provide Plaintiff with his seizure medication for a week.

6  Defendants Amaya and Carter allegedly removed documents from Plaintiff's medical file in order

7  to delay and deny treatment to Plaintiff. Defendants V. Morales and D. Morales allegedly fabricated

8  reports to prevent Plaintiff from receiving pain medication.

9      Plaintiff does not state a cognizable claim for deliberate indifference to his medical needs

10 against Defendant Hasadsri. Plaintiff alleges that he requested pain killers from Defendant Hasadsri

11 but was refused because Dr. Hasadsri does not like to prescribe pain killers. A difference of opinion

12 between the physician and the prisoner concerning the appropriate course of treatment does not

13 amount to deliberate indifference to serious medical needs. See Jackson v. McIntosh, 90 F.3d 330,

14 332 (9th Cir. 1996); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). Dr. Hasadsri's policy

15 of not prescribing pain killers does not constitute deliberate indifference toward Plaintiff.

16    **C.    Retaliation Claim**

17     Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition

18 the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.

19 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65

20 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment

21 retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action

22 against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled

23 the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance

24 a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). An

25 allegation of retaliation against a prisoner's First Amendment right to file a prison grievance is

26 sufficient to support claim under section 1983. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003).

27     Plaintiff's complaint states a cognizable claim for retaliation against Defendant Amaya.

28 Plaintiff's complaint alleges that Defendant Amaya was angry at Plaintiff for filing inmate appeals

and engaged in multiple retaliatory actions against Plaintiff that lacked any legitimate penological goals.

### D.    Claims Against Other Defendants

Plaintiff names 30 individuals as defendants.  However, his complaint lacks sufficient factual allegations regarding most of those defendants to state cognizable claims against them.  In order to allege a cognizable section 1983 against a defendant, the plaintiff must show that (1) the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right.  Hydrick v. Hunter, 500 F.3d 978, 987 (9th Cir. 2007) (quoting Wood v. Ostrander, 879 F.2d 583, 587 (9th Cir. 1989)).  "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Id. at 988 (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).

Plaintiff's complaint lacks any factual allegations as to many of the individuals Plaintiff names as defendant.  Plaintiff fails to state cognizable claims against these defendants as there is no indication that the conduct of these defendants lead to the deprivation of Plaintiff's constitutional rights.  For other defendants, Plaintiff makes some factual allegations regarding their conduct, but there is no indication that the conduct lead to the deprivation of Plaintiff's constitutional rights.  For example, Plaintiff names E. Lu as a defendant.  However, in his factual allegations, the only things that Plaintiff alleges that E. Lu had done is interview Plaintiff during his hunger strike and provide Plaintiff with some of his requested medical devices.  Plaintiff's claims against these defendants fail and should Plaintiff choose to file an amended complaint he is advised that he must specifically allege what every individual defendant had done and how their conduct led to the deprivation of Plaintiff's constitutional rights.

Plaintiff's complaint also names a number of wardens and other supervisory personnel as defendants.  Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be

specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  To state a claim for relief under section 1983 based on a theory of supervisory liability, plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983.  See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

Based on the reasoning above, Plaintiff fails to state a claim against La Van, E. Lu, Bundue, M. Reynolds, V. A. Vahadi, White, T. Guerrero, J. Crawford, D. Hickenbothom, V. Yamamoto, W. F. Greenaugh, Sanchez, Rickman, R. Hernandez, B.S. David, Lomeli, D. J. Ruiz, Grey, L. Watson, R. Lopez, D. G. Adams, and J. Klarich.

## III.   Conclusion and Order

Plaintiff's complaint states claims under the Eighth Amendment against Defendants Kim, Conroy, J. Amaya, McGuiness, K. Carter, V. Morales, and D. Morales for deliberate indifference to serious medical needs.  Plaintiff's complaint also states a claim under the First Amendment against Defendant Amaya.  However, the complaint does not state any other cognizable claims.  The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.   Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only on the claims identified in this order as cognizable, Plaintiff may so notify the Court in writing, and the Court will issue a recommendation for dismissal of the other claims and defendants, and will forward Plaintiff seven (7) summonses and seven (7) USM-285 forms for completion and return.

Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

Plaintiff is advised that an amended complaint supercedes the original complaint, <u>Forsyth v. Humana, Inc.</u>, 114 F.3d 1467, 1476 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  <u>King</u>, 814 F.2d at 567 (citing <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)); accord <u>Forsyth</u>, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1.    The Clerk's Office shall send Plaintiff a civil rights complaint form;

2.    Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

    a.    File an amended complaint curing the deficiencies identified by the Court in this order, or

    b.    Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against Defendants Kim, Conroy, J. Amaya, McGuiness, K. Carter, V. Morales, and D. Morales for deliberate indifference to serious medical needs; and

3.    If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

**Dated:    January 12, 2009**                          **/s/  William M. Wunderlich**
                                          UNITED STATES MAGISTRATE JUDGE